IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALVIA LACY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06-cv-00068-JJF |
| NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), | * | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant National Railroad Passenger Corporation ("Amtrak"), by counsel and pursuant to the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to *pro se* Plaintiff Alvia Lacy's Complaint.

**FIRST DEFENSE**

The Complaint fails to state any claim upon which relief can be granted.

**SECOND DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

**THIRD DEFENSE**

Some or all of Plaintiff's claims are barred because Plaintiff did not file suit within 90 days from her receipt of the Dismissal and Notice of Rights from the Equal Employment Opportunity Commission.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrines of laches; waiver; and estoppel.

**FIFTH DEFENSE**

Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, and non-pretextual business reasons unrelated to race, color, or gender, and not in retaliation for any protected activity in which Plaintiff engaged.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims cannot be litigated because they are beyond the scope of Plaintiff's administrative charge, were not subject to administrative investigatory or conciliation processes, and were not included in any determination by the Equal Employment Opportunity Commission.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims are preempted by the Railway Labor Act, 45 U.S.C. §§ 151 et. seq. (the "RLA").

**EIGHTH DEFENSE**

Plaintiff's Complaint should be dismissed because he failed to exhaust his administrative remedies under the RLA.

**NINTH DEFENSE**

Plaintiff cannot establish a *prima facie* case of race, color, or gender discrimination under Title VII.

**TENTH DEFENSE**

Plaintiff cannot establish a *prima facie* case of retaliation under Title VII.

**ELEVENTH DEFENSE**

Amtrak admits or denies the correspondingly numbered allegations of the Complaint as follows:

1. Admitted that Plaintiff's Complaint purports to be brought under Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination and that this Court has jurisdiction over claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

2. Amtrak is without sufficient knowledge to admit or deny whether Plaintiff resides at 1306 Jervis Square, Belcamp, Maryland 21017.

3. Admitted that Amtrak's main corporate office is located at 60 Massachusetts Ave. NE, Washington, DC 20002.

4. Admitted that Amtrak has office locations at both locations mentioned in the paragraph but denies that any discrimination occurred.

5. Denied.

6. Plaintiff has not indicated an answer to this question on the form Complaint. Regardless, Amtrak denies that any discriminatory practice, continuing or not, occurred in regard to Plaintiff.

7. Amtrak is without sufficient knowledge to admit or deny whether Plaintiff filed charges with the Department of Labor of the State of Delaware on October 20, 2004. In all other respects, denied.

8. Amtrak is without sufficient knowledge to admit or deny whether Plaintiff filed charges with the Equal Employment Opportunity Commission on November 2, 2005. In all other respects, denied.

9. Amtrak admits that the Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter dated November 2, 2005. Amtrak is without sufficient knowledge to know when Plaintiff received the Notice-of-Right-to-Sue letter. In all other respects, denied.

10. Admitted that Plaintiff alleges that her failure to be promoted and the "other acts" specified were based upon race, color, or gender discrimination and retaliation. In all other respects, denied.

11. Denied.

12. Admitted that Plaintiff attached a copy of her charges with the Equal Employment Opportunity Commission to the Complaint. As to the alleged facts Plaintiff presents in typed paragraphs 1 through 4 under the heading "**COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**," provided on a separate sheet attached to the form Complaint, Amtrak responds as follows:

1. Denied.

2. Amtrak admits that Plaintiff has applied for management positions within the company. In all other respects, denied.

3. Amtrak admits that Plaintiff was a member of the class in the *McLaurin* lawsuit. In all other respects, denied.

4. Denied.

13. Denied.

14. Amtrak denies that Plaintiff is entitled to any relief whatsoever.

## **Prayer for Relief**

Amtrak denies that Plaintiff is entitled to judgment and denies that Plaintiff is entitled to any of the relief request in her Complaint.

Any allegations not specifically admitted or denied are hereby denied.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, and against Plaintiff, and award Defendant its costs and reasonable attorneys' fees in this lawsuit, and award such other relief as may be just and proper in this case.

Respectfully submitted,

_-s-_
Virginia A. Zrake, DE Bar No. 4054
Law Office of Virginia A. Zrake, LLC
34382 Carpenters Way
P.O. Box 247
Lewes, DE 19958
(302) 644-6770
vzrake@zrakelaw.com


_-s-_
Darrell R. VanDeusen, #08231 MD
Clifton R. Gray, #27895 MD
Kollman & Saucier, P.A.
Sun Life Building, 8th Floor
20 South Charles Street
Baltimore, MD 21201
(410) 727-4300
dvand@kollmanlaw.com

Counsel for National Railroad

Passenger Corporation

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of July, 2006 a copy of the aforegoing Answer was mailed, first class, postage prepaid to Ms. Alvia Lacy, 1306 Jervis Square, Belcamp, Maryland 21017, Plaintiff *pro se*.

                                              *-s-*
                                          Virginia A. Zrake