## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALVIA LACY,                              *

     Plaintiff,                         *

v.                                       *    Civil Action No.: 1:06-cv-00068-JJF

NATIONAL RAILROAD PASSENGER              *
CORPORATION ("AMTRAK"),                  *

     Defendant.                         *

   *    *    *    *    *    *    *    *    *    *

ORIGINAL

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Alvia L. Lacy
1306 Jervis Sq.
Belcamp, Maryland  21017
Tel:  (410) 272-4819


Plaintiff, pro se


Dated December 10, 2006

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF PROCEEDINGS...........................1

II.   SUMMARY OF ARGUMENT.......................................2

III.  RESPONSE TO STATEMENT OF UNDISPUTED FACTS.................4

      A.        BACKGROUND......................................4

      B.        RESPONSE TO PROMOTION CLAIMS AT ISSUE IN THIS LAWSUIT...6

                1.    The Management Promotion Process At Amtrak.......7

                2.    Selection Decisions challenged by Lacy...........7

      C.        LACY'S RESPONSE TO CLAIMS REGARDING THE BEAR FACILITY.....7

                1.    Lacy's Allegations of Hostile Work Environment....7

                2.    Amtrak Is Not Entitled To Summary Judgment On
                      Plaintiff's Hostile Work Environment Or Retaliation
                      Claim.........................................8

IV.   ARGUMENT..................................................8

      A.        SUMMARY JUDGMENT STANDARD.......................8

      B.        ONLY THOSE ALLEGATIONS OF INCIDENTS WHICH OCCURRED
                BETWEEN SEPTEMBER 25, 2003 THROUGH JULY 21, 2004
                ARE TIMELY AND BEFORE THE COURT...........................9

V.    CONCLUSION................................................9


VI.   AFFIDAVIT OF JOHN B. CARLTON

      AFFIDAVIT OF LADORIS WIGGS

      AFFIDAVIT OF YVONNE BROWN

      AFFIDAVIT OF ALVIA L. LACY

      JOB POSTINGS

      EMPLOYEE'S WHO WERE PROMOTED

      RESPONSE LETTER FROM AMTRAK MR. MCCALLUM EEOC MANAGER, AMTRAK

      LETTER LISTING PLAINTIFF AS JOB RELIEF CLAIMANT

## I.   NATURE AND STAGE OF PROCEEDINGS

I Alvia Lacy Plaintiff pro se has filed a charge of denial of promotion, hostile work environment, harassment and retaliation at the Defendant National Railroad Passenger Corporation ("Amtrak") under Title VII of The Civil Rights Act of 1964.  Plaintiff is an African-American Female, and is assigned to the Bear, Delaware Maintenance Facility as a Car Repairman.  Prior to 1988 Plaintiff was employed in the position of a Trackman with Amtrak. Plaintiff has been employed with Defendant Amtrak for over twenty three years, and received a Bachelors Degree in Business Management, in 1986, from the University of Maryland.

For the past year Plaintiff has sought legal counsel, with no success. Plaintiff has made an honest attempt to following Court Discovery request and requirements.  Due to the fact Plaintiff's allegations are not time barred, and supported with documents of facts and statements.  Summary Judgment in Amtrak's favor is not appropriate.

Defendant Amtrak in its Nature and Stage of Proceedings made reference to Plaintiff Lacy's frequent litigations of claims against Amtrak, listing the case number's and excluding vital facts. Amtrak has a history of racial discrimination within its organization when it comes to promoting, employee advancement and career planned growth for African-American's.  In addition, the railroad is one of the dangerous fields of employment in the United States.  Therefore, Plaintiff will give a brief explanation for each claim.  Lacy v.

NRPC, 1:90-cv-0254-JHG, Case number 1:93-cv-03853-FND and case number
1:97-cv-02031, were for discrimination, one was settled and the
remaining two were not.  Lacy v. NRPC 1:92-cv-00449 MMS, this case
was filed because Plaintiff suffered from a hearing loss due to
excessive noise exposure in the work environment.  Case number
2:92-cv-04623-JK, Plaintiff was exposed to toxic substances, while
assigned to the paint department an a painter. Plaintiff received
skin, and nervous system damages.  Case number 2:92-cv-00403-CRW,
this case was filed when Plaintiff received permanent injuries to
her spinal cord while removing a trucking plate from a passenger car.
Lacy v. NRPC, 2:99-cv-03529-JW  E.D. Pa, this case was filed for
discrimination of non-promotion, hostile work environment, harassment,
and retaliation.  Defendant Amtrak filed a Motion for Dismiss on
Grounds of Class Action Settlement in the McLaurin v. Amtrak Civil
Action No. 1:98cv2019, to which Plaintiff Lacy was a claimant, but
never received Job Relief or monetary awards as designated by the Court.

## II.   SUMMARY OF ARGUMENT

A.        Plaintiff Lacy filed a charge of discrimination with the
EEOC in the Philadelphia District Office  on July 21, 2004.  The
charge contains job positions, and events that took place within
the EEOC regulated time frame of 300 days.  Plaintiff's
allegations, are timely, because the events occurred between
September 25, 2003 through July 21, 2004.

B.     Plaintiff's promotion claims establishes a prima facie case of

discrimination. The positions to which Amtrak has listed are not within

the covered time frame, and are therefore time barred.  Positions  to

which I applied for and was denied a promotion, and are timely would

include positions number 1 - 20. In addition, Plaintiff has provided a

list of 21 white males who were promoted to management positions

directly from union employee positions. Amtrak has not provided any

information in relationship to their positions, qualifications, related

experience, education, training, and application. According to Amtrak's

response to EEOC charge Amtrak states "Complainant has been in car repair

since joining Amtrak on August 3, 1983 to present." This statement

clearly      demonstrates that Amtrak discriminatory reasons for not

promoting Plaintiff are because of her race which is black, and sex which

is female, Amtrak has violated Lacy's rights under the Civil RIGHTS

Act of 1964, 42 U.S.C.A. § 2000e, et. seq. and 42 U.S.C.A. § 1981.

C.     Plaintiff's claim regarding a hostile work environment and

retaliation establish a prima facie case.  As an African-American

female employed with Amtrak Plaintiff suffered intentional discrimination

because of her race, the discrimination was pervasive and regular, the

plaintiff was detrimentally affected and subjected to higher levels

of supervision, criticism and insults.  The events to which Plaintiff

listed in complaint were related to her race which is black, and sex

which is female. Under § 1981, discrimination in the form of disparate

-3-

treatment is prohibited. Title VII, the ADA and ADEA prohibit retaliation against anyone who has applied for employment or an employee from being discriminated because he/she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under those statutes. Plaintiff has demonstrated a casual connection between the protected activity and the adverse employment actions to which Amtrak and it's agents have imposed on Plaintiff during her employment with Defendant Amtrak.

### III.    RESPONSE TO STATEMENT OF UNDISPUTED FACTS

**A. BACKGROUND.**

Plaintiff Alvia Lacy, was hired in 1983 as a trackman with Amtrak. From the time Plaintiff began her employment with Amtrak, she began applying for management positions.  Based on the fact that Plaintiff was a single parent of three sons, assisting with the daily care of her father who was a military veteran paraplegic, working full time, and attending college in an effort to obtain a career in the field of business management, and provide for her family. In 1988 Plaintiff transferred to the mechanical department assuming the position of a car repairman.  In the past twenty-three years I have gained a wealth of knowledge on the subject matter of the Railroad Industry. If one were to review the background employment history of any of the management staff employed at the Bear, Delaware facility.  It would be clear that each and  everyone was promoted from a union position.

Amtrak stated Plaintiff refused to report to work at the requested time of 9:45 when she was in the foreman training program.

-4-

Plaintiff has copies of her time cards from the time she was in the
foreman training program.  Review of the documents will prove that
Plaintiff did report to duty as requested.  In addition, Amtrak stated
Plaintiff would not complete duties as requested in coach cleaning.
Review of the same time cards will show the code for coach cleaning
and the time spent performing the duties to which Plaintiff did
complete. Plaintiff never became abrasive and uncooperative  Plaintiff
never ignored directions and never failed to follow instructions. I was
removed from the foreman program out of retaliation, and because of my
race which is black and sex which is female. When Plaintiff was expelled
from the foreman program, she was the first and only person to ever be
expelled from the foreman program.  Ms. Maldonado did not complete my
foreman training program. She was to complete her own training period.

   Plaintiff's discrimination case Lacy v. NRPC, 2:99-cv-03529-JW
(E.D. Pa. 1999) was dismissed based on the fact that Plaintiff was a
member in the class action case of McLaurin V. NRPC, 1:98-cv-2019-EGS
(D.D.C. 1998).  For the record Plaintiff had filed case number
2:99-cv-03529-Jw prior to the McLaurin class action being classified
as a class action.  Following the advice of Mr. Kaplen, an attorney
with the  Washington Lawyer's Committee For Civil Rights & Urban
Affairs. Plaintiff became a member of the McLaurin class action suit
with entitlement to job relief.  Plaintiff was told to continue
to apply for listed management positions, and Plaintiff did so.
Plaintiff never "simply stopped looking".  Plaintiff did not find
out about the status of the McLaurin consent decree ending on
December 31, 2003, until April 2004. Defendants statement in reference

Plaintiff "unwilling to take the steps necessary to move up the ranks rung by rung", is such a false statement.  If Plaintiff was not willing to do what was necessary, she would not have applied for the foreman's program in an effort to advance within the corporation.

**B.**   **RESPONSE TO PROMOTION CLAIMS AT ISSUE IN THIS LAWSUIT.**

It amazes me that the Defendant makes light of the fact that Plaintiff did not receive the job relief to which the court ordered.  An event that caused the Plaintiff a great deal of mental distress, and to this day still does. Plaintiff applied for thirty positions during the period of November, 2003 through October, 2004. According to the U.S. Equal Employment Opportunity Commission, Philadelphia District Office, Plaintiff's submitted charge on July 21, 2004. Therefore positions to which Plaintiff applied to from September 25, 2003 through July 21, 2004 are timely. Therefore positions number one (1) through twenty (20) are timely. The positions are within the 300 day regulation.

Defendant statement that Plaintiff "Lacy seeks to use her college degree as a trump card", is so far from the truth. Plaintiff felt that when a position required a degree in business, Plaintiff would posse that given qualification.

Defendant again, has taken Plaintiff's statement out of context.  Portions of the application contain information

which has not changed for the past ten years, such as Plaintiff's name, address, employment history, and education. Therefore, Plaintiff uses a basic application, and adds detailed information when necessary. When Plaintiff first began applying for management positions.  I was told by a Amtrak Human Resources officer to always meat the "must have" requirements on any given position, and to apply for positions to which Plaintiff may have a interest in.

1.    THE MANAGEMENT PROMOTION PROCESS AT AMTRAK

Plaintiff has complete knowledge of the procedures for promotions within Amtrak. The preceding statement in reference to Plaintiff's application is a suitable response for basic information listed on Plaintiff's job application.

2.    SELECTION DECISIONS CHALLENGED BY LACY.

Defendant Amtrak, has done it again, taken my statement and turned it around.  Plaintiff doesn't think " just because she has a college degree, and has worked for the company for over 20 years, she should be promoted.  However, Plaintiff only request is Defendant Amtrak promote  employees based on qualifications, experience, and educational status, and not the applicants, race and sex, which is the apparent determining factor in the Plaintiff's application process.

C.    LACY'S RESPONSE TO CLAIMS REGARDING THE BEAR FACILITY

1.    LACY'S ALLEGATION OF HOSTILE WORK ENVIRONMENT.

Plaintiff has been subjected to a hostile work environment, at the Bear facility.  The incidents of retaliation, and hostility which occurred during the timely period of Plaintiffs claim are listed in the charge and took place because of Plaintiff's race, which is black, and sex, which is female.

-7-

Plaintiff has provided the Affidavit of John B. Carlton. Mr. Carlton is the Vice President of Local 2015 Transport workers Union. Mr. Carlton, can and will address the incidents of a hostile work environment, incidents of retaliation, F.O.A.D. incident, pipefitter incident, attendance incident, and incidents which occurred during the period of September 25, 2003 through July 21, 2004. Incidents that took place because Plaintiff is black, and female.

Amtrak employees both present and past , have also submitted Affidavit's, those persons being Ms. Yvonne Brown, and Mrs. Wiggs.

## 2. AMTRAK IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S HOSTILE WORK ENVIRONMENT OR RETALIATION CLAIM.

### Plaintiff Can Establish A Prima Facie Case of Hostile Environment.

Plaintiff Lacy has established the existence of a hostile and abusive environment, which was severe enough to affect the psychological stability of a minority employee. The Plaintiff has suffered discrimination and the actions were pervasive and occurred on a regular basic. Plaintiff has elements of a prima facie case. The Court should consider Plaintiff's case of hostile work environment, and the regular and pervasive retaliation.

### IV.    ARGUMENT

## A.    SUMMARY JUDGMENT STANDARD.

Plaintiff Lacy, has demonstrated that there are specific material facts in dispute that establish genuine issues for a trial.

-8-

There is an abundance of evidence that will prove to a reasonable jurors that Plaintiff Lacy can prove her claim by a preponderance of the evidence.

With respect to summary judgment in the discrimination cases review of all the facts will prove there exists sufficient evidence to create a genuine issue of material fact that Amtrak intentionally discriminated against Plaintiff.

**B.    ONLY THOSE ALLEGATIONS OF INCIDENTS WHICH OCCURRED BETWEEN SEPTEMBER 25, 2003 through JULY 21, 2004 ARE TIMLEY.**

Under Title VII, in a deferred state such as Delaware, an individual has 300 days from the date of the alleged discriminatory act to file a charge with the EEOC. Plaintiff submitted her claim on July 21, 2004.  Plaintiff's charge included all positions and incidents which occurred within the 300 day period.  Position's which are timely Defendant Amtrak has listed as untimley.

**V.    CONCLUSION**

As the foregoing establishes, there is material dispute of facts in this case and Amtrak is not entitled to judgment as a matter of law.  Accordingly, Plaintiff lacy respectfully request that the Court not grant summary judgment in Amtrak's favor and not dismiss Plaintiff's claims with prejudice.

Respectfully submitted,


Alvia L. Lacy pro se
1306 Jervis Sq.
Belcamp, Maryland  21017
Tel: (410) 272-4819

## SECTION VI.

1.   AFFIDAVIT OF JOHN B. CARLTON


2.   AFFIDAVIT OF LADORIS WIGGS


3.   AFFIDAVIT OF YVONNE BROWN


4.   AFFIDAVIT OF ALVIA L. LACY


5.   JOB POSTINGS (TIMELY POSITIONS 1-20).


6.   EMPLOYEES WHO WERE ASSIGNED TO THE BEAR, DELAWARE FACILITY
     IN UNION POSITIONS, WHO WERE WHITE MALES, AND PROMOTED.


7.   RESPONSE LETTER FROM AMTRAK, MR. MCCALLUM EEOC MANAGER


8.   LETTER LISTING PLAINTIFF LACY AS A JOB RELIEF CLAIMANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALVIA LACY,                                    *

        Plaintiff,                          *

v.                                             *     Civil Action No.: 1:06-cv-00068-JJF

NATIONAL RAILROAD PASSENGER                    *     Judge: Joseph J. Farnan, Jr.
CORPORATION ("AMTRAK"),
                                               *

        Defendant.                          *

          *    *    *    *    *    *    *    *    *    *

### AFFIDAVIT OF JOHN B. CARLTON

I, John B. Carlton, do solemnly swear and declare as follows:

1.    I am over eighteen (18) years of age and have personal knowledge of the facts related here. I understand that this Affidavit is being submitted as an exhibit to the Plaintiff's Response to Summary Judgment Motion in the above-captioned matter.

2.    I am a white male.

3.    I have been employed by Amtrak for over twenty-nine years.

4.    I am the Vice President of Local 2015, Transport Workers Union, A.F.L. - C.I.O. I am employed in the position of Car Repairman, located at the Bear, Delaware facility.

5.    I am familiar with the harassment, unwarranted letters of reprimand in reference to Alvia Lacy's attendance and work ethic for the past fifteen (15) years.

6.    Alvia Lacy's race and sex was a factor in the harassment unwarranted letters of reprimand and the incidents she endured while employed with Amtrak, and worked at the Bear, Delaware facility.

In accordance with 28 U.S.C. Section 1746, I affirm under penalties of perjury that the foregoing Affidavit is true and correct.

_____          12 / 21 / 06 _____
John Carlton                                Date

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALVIA LACY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06-cv-00068-JJF |
| NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), | * | Judge: Joseph J. Farnan, Jr. |
| | * | |
| Defendant. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### AFFIDAVIT OF LADORIS Y. WIGGS

I, LaDoris Y. Wiggs, do solemnly swear and declare as follows:

1.     I am over eighteen (18) years of age and have personal knowledge of the facts related here.  I understand that this Affidavit is being submitted as an exhibit to the Plaintiff's Response to Summary Judgment in the above-captioned matter.

2.     I am an African-American female.

3.     I was employed with Amtrak in the position of pipe-fitter for over eight years.

4.     While assigned to the Bear, Delaware facility I experienced an incident where Mr. White referred to me as a f-----bitch. the incidene was reported.

5.     I am familiar with the harassment, hostile work environment and the discriminatory incidents in reference to Alvia Lacy.

6.    Alvia Lacy's race which is black, and sex, which is female was a factor in the related incidents she endured while employed with Amtrak, at the Bear, Delaware facility.


In accordance with 28 U.S.C. Section 1746, I affirm under penalties of perjury that the foregoing Affidavit is true and correct.


_____        _____
LaDoris Wiggs                            Date   12/15/06


–2–

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALVIA LACY,                               *

      Plaintiff,                     *

v.                                        *       Civil Action No.: 1:06-cv-00068-JJF

NATIONAL RAILROAD PASSENGER               *       Judge: Joseph J. Farnan, Jr.
CORPORATION ("AMTRAK"),
                                          *
      Defendant.                     *

   *    *    *    *    *    *    *    *    *    *

### AFFIDAVIT OF YVONNE BROWN

I, Yvonne Brown, do solemnly swear and declare as follows:

1.    I am over eighteen (18) years of age and have personal knowledge of the facts related here. I understand that this Affidavit is being submitted as an exhibit to the Plaintiff's Response to Summary Judgment Motion in the above-captioned matter.

2.    I am a African-American female.

3.    I have been employed with Amtrak for fifteen years. I am employed in the material control department located at the Bear, Delaware facility.

4.    I am familiar with the harassment, hostile work environment and the discriminatory incidents in reference to Alvia Lacy.

5.    Alvia Lacy's race and sex was a factor in the related incidents she endured while employed with Amtrak, at the Bear, Delaware facility.

In accordance with 28 U.S.C. Section 1746, I affirm under penalties of perjury that the foregoing Affidavit is true and correct.


_____          _____
Yvonne Brown                              Date

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALVIA LACY,                                        *

      Plaintiff,                                 *

v.                                                 *        Civil Action No.: 1:06-cv-00068-JJF

NATIONAL RAILROAD PASSENGER                        *        Judge: Joseph J. Farnan, Jr.
CORPORATION ("AMTRAK"),
                                                   *
      Defendant.
                                                   *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### AFFIDAVIT OF ALVIA L. LACY

I, Alvia L. Lacy, do solemnly swear and declare as follows:

1.     I am over eighteen (18) years of age and have personal knowledge of the facts related here. I understand that this Affidavit is being submitted as an exhibit to the Plaintiff's Response to Summary Judgment in the above-captioned matter.

2.     I am an African-American female.

3.     I am a Car Repairman in the Mechanical Department, located at the Amtrak Bear, Delaware , facility. I have been employed with Amtrak for over twenty-three years.

4.     I received my Bachelor's Degree in Business Management from the University of Maryland in 1986. For over twenty-three years I have applied for management job opportunities with Amtrak, and was denied each and every time.

5.    I have been harassed, exposed to a hostile work environment, and discriminatory practices.  My race which is black, and my sex, which is female was a factor in the related incidents to which I endured while employed with Amtrak.


In accordance with 28 U.S.C. Section 1746, I affirm under penalties of perjury that the foregoing Affidavit is true and correct.


_Alvia L. Lacy_                         _December 10, 2006_
Alvia L. Lacy                           Date

| # | Date | Description | Number |
|---|------|-------------|--------|
| 1 | 11/03 | AMTRAK-PENN PHIL INVENTORY SVC. | #50172566 |
| 2 | 11/03 | AMTRAK-PENN-PHIL INVENTORY SVC. | #50172570 |
| 3 | 11/03 | AMTRAK-PENN-PHIL CONTRACTING AGT. | #50172580 |
| 4 | 11/03 | AMTRAK-PENN-PHIL SR. CONTRACTING AGT. | #50172572 |
| 5 | 11/03 | AMTRAK-PENN-PHIL SR. CONTRACTING M/W | #50172576 |
| 6 | 11/03 | AMTRAK-PENN-PHIL  REG. FLEET OFFICER | #50172496 |
| 7 | 11/03 | AMTRAK-PENN-PHIL  MANAGER AUTO | #50172497 |
| 8 | 11/03 | AMTRAK-DEL-BEAR REG. FLEET | #50153439 |
| 9 | 11/03 | AMTRAK-WAS-SR PRIN CONTRACT E/C | #50167654 |
| 10 | 11/03 | AMTRAK-DEL-WILM OFFICER TRANSPORTATION | #50173640 |
| 11 | 1/04 | AMTRAK-WILM- CREW MGMT. | #50124988 |
| 12 | 1/04 | AMTRAK-WASH-SUPERVISOR HSR. | #50175062 |
| 13 | 2/04 | AMTRAK-DEL-WILM- CREW MGMT. | #50171836 |
| 14 | 3/04 | AMTRAK-PENN- PHIL INVENTORY SVCS | #50172570 |
| 15 | 3/04 | AMTRAK-DEL-_SR MGR MATERIAL | #50175903 |
| 16 | 3/04 | AMTRAK-PENN- PROJECT ENG. | #50156915 |
| 17 | 3/04 | AMTRAK-WASH-HUMAN RES OFFICER | #50121016 |
| 18 | 3/04 | AMTRAK-WASH- GOVT. AF/SPEC. | #5007109 |
| 19 | 3/04 | AMTRAK-MD-BALT. ASST. ENG. TRACK | #50146685 |
| 20 | 7/04 | AMTRAK-WASH- MANAGER E/D | #50180873 |
| 21 | 6/04 | AMTRAK-WASH- OPERATION SUPER. | #50130938 |
| 22 | 9/04 | AMTRAK-WASH- MANAGER C/B | #50125481 |
| 23 | 9/04 | AMTRAK-WASH- OPERATION SUPER. | #50157903 |
| 24 | 9/04 | AMTRAK-PENN-PHIL- DOCUMENT CONTROL | #50182531 |
| 25 | 9/04 | AMTRAK-PENN-PHIL- ENG ROAD MAINT. | #50146328 |
| 26 | 9/04 | AMTRAK-PENN-PHIL FIELD ENV. SPEC. | #50146672 |
| 27 | 12/03 | AMTRAK-WASH-QUALITY ASSURANCE INS. | #50166678 |
| 28 | 10/04 | AMTRAK-PENN-PHIL ADMIN SUPPORT SEP. | #50183697 |
| 29 | 10/04 | AMTRAK-DEL-WILM- OPER PRACTES | #50183713 |
| 30 | 10/04 | AMTRAK-WASH- ADMIN INVENTORY H/S | #50183771 |

| | EMPLOYEE NAME | POSITION HELD PRIOR TO PROMOTION | RACE | SEX |
|---|---|---|---|---|
| 1. | Al Feeley | Car Repairman | White | Male |
| 2. | Ron White | Car Repairman | White | Male |
| 3. | Tom Favorosa | Car Repairman | White | Male |
| 4. | Paul Fergerson | Car Repairman | White | Male |
| 5. | Kevin Koppel | Car Repairman | White | Male |
| 6. | Tom Froysland | Car Repairman | White | Male |
| 7. | Russel Fox | Car Repairman | White | Male |
| 8. | Berry Hudson | Car Repairman | White | Male |
| 9. | J. Costello | Car Repairman | White | Male |
| 10. | Steve Reader | Car Repairman | White | Male |
| 11. | Mike Fell | Electrician | White | Male |
| 12. | Harvy Poole | Electrician | White | Male |
| 13. | Fred Dutton | Electrician | White | Male |
| 14. | Jim McDoewll | Electrician | White | Male |
| 15. | Robert Miller | Electrician | White | Male |
| 16. | Chris Purcell | Electrician | White | Male |
| 17. | Roy Moyer | Car Repairman | White | Male |
| 18. | Frank Ross | Car Repairman | White | Male |
| 19. | Pat Cerminara | Car Repairman | White | Male |
| 20. | Tom Butler | Coach Cleaner/Laborer | White | Male |
| 21. | John Mattson | Electrician | White | Male |

NATIONAL RAILROAD PASSENGER CORPORATION

30th Street Station, Philadelphia, PA 19104



July 6, 2005
Mr. Howard Gurmankin
Supervisory Investigator
21 South 5th Street
Suite 400
Philadelphia, PA 19106

**RE:    Alvia L. Lacy v Amtrak**
      **Charge No: 120 2004 04805**

Dear Mr. Gurmankin:

On or about June 6, 2005, Amtrak employee Alvia L. Lacy ("Complainant") filed a
charge of race and sex discrimination and retaliation with the Delaware Department of
Labor against Respondent.  The National Railroad Passenger Corporation ("Amtrak").
Specifically, complainant alleged that she has applied for approximately 30 positions and
was not considered for any of them.  She further alleges that she has been falsely issued
letters of discipline regarding attendance.  Complainant also stated that she had been
exposed to harassment and hostile work environment for the past 16 years.  Of course,
Amtrak will address any relevant allegations.  Amtrak will not address any allegations
past the regulatory time limit nor will Amtrak address those allegations, which cannot be
redressed by the EEOC.

Amtrak hired Complainant on August 3, 1983 as a Car Repairman.  Complainant
currently holds the position of Car Repairman.

**Allegation:**    I was retaliated against because I previously filed several charges against
the Respondent with the EEOC.

**Response:**    Complainant filed a charge EEOC number 170A77756 in 2002.
Complainant received a Dismissal and Notice of Rights on May 7, 2002.  Complainant
has not expressed any retaliation that has occurred in the past year.

**Allegation:**    I applied for approximately 30 positions and was not considered for any of
them.  My background and experience was more than enough to qualify me for every
position.

**Response:**    From March 2004 until March 2005, Complainant did apply for 30
positions including Manager Train Operations, Engineer Road Main Svc, Director
Legislative Suppt. Manager Office Services, Engineer Mechanical, Manager
Reservations,  Asst Div Engineer ET (electrical traction), Trainmaster, Assist

Superintendent Station, Manager Club Acela & Station, Manager M&E Sales, Director Material Control, Senior Contracting Agent, and Director of Energy Manager. Complainant has absolutely no experience or background in any of the positions for which she has applied. *See exhibit #1* Complainant has been in car repair since joining Amtrak on August 3, 1983 to present. *See exhibit #2*

**Allegation:**    Mr. F. Koppel became angry at me and told me to F..k Off and Die.

**Response:**    Complainant did not allege that Mr. Koppel was angry with her because of her race or sex, but because she had an item that was taken out of his refrigerator. This allegation could not be verified. However, this type of response is certainly not condoned by the company and should be handled through the appropriate channels such as Employee Relations or through the employee's union representative. Complainant's senior manager has stated that there was never any report made to him that he remembers.

**Allegation:**    I have been falsely issued letters of discipline regarding my attendance.

**Response:**    Complainant has one counseling letter (not a letter of discipline) in her file between March 2003 and March 2004 and that letter is dated March 21, 2003. During the relevant time period a number of Caucasians were also given counseling letters for attendance. *See exhibit #3* As is plainly illustrated by exhibit number 3 no one is immune from absenteeism counseling letter. Race and sex do not play a part. For example, Exhibit number 3 lists all Caucasians who received a counseling letter, dispelling the allegation of race discrimination. Exhibit number 3 also consists of men and women, which dispels the allegation of discrimination because of her sex. (There are other minorities who have had counseling letters; exhibit number 3 is to show that other ethic groups also receive counseling letters)

**Allegation:**    A co-worker told Mr. Gill he couldn't work with me and I was a problem for him.

**Response:**    Mr. Gill does not recall a complaint from another co-worker involving the Complainant. He further stated that the Complainant is smart and a good worker.


**Summary:**

This is case is not one of race and sex discrimination or retaliation. Simply put, Complainant assessment of her qualifications for many of the positions applied for in the company is exaggerated. Complainant's background is largely irrelevant to the positions for which she applied. Her allegation that she received a discipline letter because of her race/sex is not substantiated by the facts. Finally, Complainant recounted an altercation between her and Mr. Koppel involving an item removed from a refrigerator. This concern should have been reported to the Employee Relations Department for the

appropriate action to be taken.    Amtrak requests that the Commission dismiss Complainant's claims in its entirety.

Respectfully submitted,

Andrew McCallum
EEO Manager
Amtrak

# SPRENGER & LANG

A PROFESSIONAL LIMITED LIABILITY COMPANY

ATTORNEYS AT LAW

WRITER'S ADDRESS:

Maia Caplan
District of Columbia Office

1614 TWENTIETH STREET, N.W.
WASHINGTON, D.C. 20009-1001
(202) 265-8010
FAX (202) 332-6652

325 RIDGEWOOD AVENUE
MINNEAPOLIS, MINNESOTA 55403
(612) 871-8910
FAX (612) 871-9270

January 3, 2000

**VIA FAX & HAND DELIVERY**
Thomas E. Reinert, Jr., Esq.
Grace E. Speights, Esq.
Morgan, Lewis & Bockius
1800 M Street, N.W.
Washington, DC  20036-5869

JAN 1 2 2000

WILLIAM H. HERRMANN
ASSOCIATE GENERAL COUNSEL

Re:  *McLaurin v. Amtrak*

Dear Tom and Grace:

This confirms our agreement to extend the counseling period until January 1 (3), 2000.  There is one change from the list last sent to you.  After further consultation, Leslie Dunning opted *not* to participate in the Job Relief process and to pursue exclusively instead her monetary claim.

Pursuant to the Consent Decree, we would have 10 additional days to forward individual claim summaries.  I'm not certain whether that was Tom's intent, or whether he intended for the negotiation period to commence immediately on January 3.  Because of this ambiguity, we forward the summaries today.  We should, however, clarify intent here.

To recapitulate, the Job Relief claimants are:

Douglas Bell
Charles Granger
Michael Shane Latiff
Alvia Lynn Lacey
Lamonte E. Turner
Kathelyne Whilhite and
Donald Williams

Sincerely,

Maia Caplan

CC:   Bill Hermann, Esq.
Enclosures

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of December, 2006 a copy of the foregoing Response to Motion for Summary Judgment and proposed order, were mailed, first class, postage prepaid to Mr. Darrel VanDeusen, 1823 York Road, Timonium, Maryland 21093, Counsel for Defendant.

In addition: Virginia A. Zrake
34382 Carpenters Way
P.O. Box 247
Lewes, De 19958

Alvia L. Lacy
_____
Alvia L. Lacy

Alvia L. Lacy