IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALVIA LACY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06-cv-00068-JJF |
| NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S ANSWERING BRIEF
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Virginia A. Zrake (Del. Bar No. 4054)
LAW OFFICE OF VIRGINIA A. ZRAKE, LLC
1518 Savannah Road
P.O. Box 247
Lewes, Delaware 19958
Tel: (302) 644-6770

Darrell R. VanDeusen (admitted *Pro Hac Vice*)
Clifton R. Gray (admitted *Pro Hac Vice*)
KOLLMAN & SAUCIER, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland 21093
Tel: (410) 727-4300

*Counsel for Defendant
National Railroad Passenger Corporation*

DATED: January 8, 2007

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    EVEN UNDER LENIENT STANDARDS PROVIDED TO *PRO SE* PLAINTIFFS, LACY HAS FAILED TO PRESENT EVIDENCE SUFFICIENT TO ESTABLISH A DISPUTE OF MATERIAL FACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    THE AFFIDAVITS PROVIDED BY LACY DO NOT MEET THE STANDARDS OF FEDERAL RULE OF CIVIL PROCEDURE 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C.    LACY CANNOT BASE HER FAILURE TO PROMOTE CLAIM ON EVENTS OCCURRING PRIOR TO MAY 8, 2004 . . . . . . . 6

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

**CASES**                                                                                      **PAGE**

*Childers v. Joseph*,
   842 F.2d 689 (3d Cir. 1988) .................................... 4

*Gordon v. NRPC*,
   564 F. Supp. 199 (E.D. Pa. 1983) ............................... 2

*Johnson v. Railway Express Agency, Inc.*,
   421 U.S. 454 (1975) ............................................ 2

*Lewis v. State of Delaware Dept. of Public Instruction*,
   986 F. Supp. 848 (D. Del. 1997) ................................ 3

*Lujan v. National Wildlife Federation*,
   497 U.S. 871 (1990) ............................................ 4

*Maldonado v. Ramirez*,
   757 F.2d 48 (3d Cir. 1985) ..................................... 4

*McKnight v. School Dist. of Philadelphia*,
   171 F. Supp.2d 446 (E.D. Pa. 2001), *aff'd*, 64 Fed. Appx. 851 (3d Cir. 2003) ... 2

*Montgomery v. Pinchak*,
   294 F.3d 492 (3d Cir. 2002) .................................... 1

*Persinger v. Delmar School Dist.*,
   2004 WL 1534746 (D. Del. 2004) ................................. 4

*Ridgewood Bd. of Ed. v. N.E.*,
   172 F.3d 238 (3d Cir. 1999) .................................... 1

*Talluto v. RCA*,
   743 F. Supp. 346 (M.D. Pa. 1989), *aff'd*, 909 F.2d 1477 (3d Cir. 1990) ....... 5

*Taylor v. Proctor & Gamble Dover Wipes*,
   184 F. Supp.2d 402 (D. Del. 2002) .............................. 2

*Williams v. Rohm and Haas Co.*,
   90 Fed. Appx. 627 (3d Cir. 2004) ............................... 3

**STATUTES**

42 U.S.C. § 1981 .................................................... 2

## I. INTRODUCTION

Plaintiff's Answering Brief[1] relies solely upon speculation and conclusory assertions in a futile attempt to forestall summary judgment. Third Circuit precedent is clear, however: mere conclusory allegations and unsupported arguments alone do not raise triable issues sufficient to preclude summary judgment. *See Ridgewood Bd. of Ed. v. N.E.*, 172 F.3d 238, 252 (3d Cir. 1999) ("[o]nce the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor. Speculation and conclusory allegations do not satisfy this duty") (citations omitted).

Lacy does not respond to Amtrak's evidence that she was not qualified for the positions for which she applied, or that the few incidents she alleges created a hostile work environment bear absolutely no relation to discriminatory animus or retaliation. Because Lacy has not presented the Court with any facts (or law, for that matter) sufficient to overcome summary judgment, summary judgment in Amtrak's favor is appropriate.

## II. ARGUMENT

### A. EVEN UNDER LENIENT STANDARDS PROVIDED TO *PRO SE* PLAINTIFFS, LACY HAS FAILED TO PRESENT EVIDENCE SUFFICIENT TO ESTABLISH A DISPUTE OF MATERIAL FACT.

Amtrak is cognizant of the latitude courts typically afford a *pro se* party opposing a summary judgment motion. *See Montgomery v. Pinchak*, 294 F.3d 492, 500

---

[1] Although Lacy has titled it as a "Response," her filing is better identified as an Answering Brief, in accord with the designations provided in Local Rule 7.1.2, and shall be referred to as such.

(3d Cir. 2002) (acknowledging the "lenient standard that district courts are required to apply to *pro se* submissions"). A party's *pro se* status, however, does not vitiate the requirement that triable issues of fact must be raised in order to defeat a summary judgment motion. *See, e.g., Taylor v. Proctor & Gamble Dover Wipes*, 184 F. Supp.2d 402, 408 (D. Del. 2002) (Judge Farnan); *see also McKnight v. School Dist. of Philadelphia*, 171 F. Supp.2d 446 (E.D. Pa. 2001), *aff'd*, 64 Fed. Appx. 851 (3d Cir. 2003) (*pro se* plaintiff could not rest his response to summary judgment motion on bare restatement of his allegations in pleadings).

Lacy's assertions are merely restatements of her Complaint and are sometimes nonsensical. For example, Lacy states that "[a]ccording to Amtrak's response to EEOC charge Amtrak states 'Complainant has been in car repair since joining Amtrak on August 3, 1983 to present.' This statement clearly demonstrates that Amtrak['s] discriminatory reasons for not promoting Plaintiff are because of her race . . . and sex . . ." (D.I. 22 at 5.) Lacy does not explain how being a Car Repair person "clearly demonstrates" discriminatory animus by Amtrak. After stating that Title VII[2] prohibits retaliation, Lacy, with no factual support, opines that she "has demonstrated a causal connection between the protected activity and the adverse employment actions to which

---

[2]In her Answering Brief, Lacy mentions "§ 1981," apparently referring to 42 U.S.C. § 1981. (D.I. 22 at 5.) But Lacy's claims were brought under Title VII, and not Section 1981. (D.I. 2 at 1, 4.) She cannot now seek to bring her claims under a different statute. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 461 (1975) (Title VII and § 1981 claims are "separate, distinct, and independent"); *see also Gordon v. NRPC*, 564 F. Supp. 199, 205 (E.D. Pa. 1983) (differences in Title VII and § 1981 "require that a plaintiff seeking recovery under both laws plead both statutes in his complaint . . .").

Amtrak and it's [sic] agents have imposed on Plaintiff during her employment . . . " (D.I. 22 at 6.) Lacy fails to realize that she cannot rest on her mere claim that she has been retaliated against, but must provide actual evidence. She has not done so.

In an apparent effort to create a dispute of fact, Lacy points to a self-made "list of 21 white males" who, she claims, "were promoted to management positions directly from union employee positions." (D.I. 22 at 3.) She then asserts that "Amtrak has not provided any information in relationship to their positions, qualifications, related experience, education, training, and application." *Id.* This "evidence" is of absolutely no importance in this case. Lacy never claimed, or provided any evidence, that she applied for any of the positions to which those "21 white males" were allegedly promoted. *See Williams v. Rohm and Haas Co.*, 90 Fed. Appx. 627, 629 (3d Cir. 2004) (affirming District Court's dismissal of two failure to promote claims where "plaintiff did not apply for the job[s] in question"); *Lewis v. State of Delaware Dept. of Public Instruction*, 986 F. Supp. 848, 855 (D. Del. 1997) (Judge Schwartz) (since plaintiff "never applied for the position, he cannot claim that he was intentionally discriminated against").

Because Lacy has not based her Title VII claim on her non-promotion to any of the positions to which these "21 white males" were allegedly promoted, they are irrelevant. Further, since Lacy never made any discovery requests to Amtrak, there was no reason for Amtrak to provide information regarding those employees. Lacy has also provided no time-frame for these promotions of "21 white males," and has not alleged that any of these promotions occurred within 300 days of her filing her charge of discrimination with the EEOC. Because Lacy's Answering Brief makes only conclusory

statements that she was discriminated against by Amtrak, summary judgment is appropriate.³ *See Persinger v. Delmar School Dist.*, 2004 WL 1534746 (D. Del. 2004) (Judge Farnan) (summary judgment appropriate where "Plaintiff has pointed to no specific facts in her Opposition Brief supporting her claim of discrimination") (attached at A480).

### B. THE AFFIDAVITS PROVIDED BY LACY DO NOT MEET THE STANDARDS OF FEDERAL RULE OF CIVIL PROCEDURE 56(e).

An affidavit filed in opposition to a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). A nonmovant "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990); *see also Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (stating that "the affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is '"essentially conclusory" and lacking in specific facts' is inadequate")(citation omitted).

---

³Near the end of her Answering Brief, Lacy posits that "review of all the facts will prove there exists sufficient evidence to create a genuine issue of material fact," but never discusses those "facts." (D.I. 22 at 11.) The Third Circuit has stated its disagreement with such a strategy by a plaintiff opposing summary judgment:

> "[A]llowing a nonmoving party opposing summary judgment to rest on mere denials where there are unidentified facts of record which may contradict the facts identified by the movant would be an unworkable and illogical rule. It would require the district judge to search through an often voluminous written record for facts which might support the nonmovant's claim . . . ."

*Childers v. Joseph*, 842 F.2d 689, 695 (3d Cir. 1988).

Lacy has attached four affidavits to her Answering Brief -- two from present co-workers (John Carlton and Yvonne Brown), one from a former co-worker (LaDoris Wiggs), and Lacy's own affidavit. None of these affidavits "set forth specific facts," as required by the Federal Rules, but instead provide only vague and conclusory statements that Lacy has been unfairly discriminated against by Amtrak. For example, Lacy's co-worker and union representative, John Carlton, states that "I am familiar with the harassment, unwarranted letters of reprimand in reference to Alvia Lacy's attendance and work ethic for the past fifteen (15) years." (D.I. 22 at 14.) Carlton's affidavit then makes the unsupported conclusion that "Alvia Lacy's race and sex was a factor in the harassment[,] unwarranted letters of reprimand and the incidents she endured while employed with Amtrak . . ." (D.I. 22 at 15.) This may be Carlton's opinion, but the affidavit, entirely lacking in "specific facts," does not meet the Rule 56(e) standard. Both LaDoris Wiggs and Yvonne Brown's affidavits are similarly styled, as they also set forth no "specific facts" and only make general conclusory statements that Lacy was discriminated against because of her race and sex. (D.I. 22 at 16-19.) Rule 56(e) requires more than this to overcome the clear and undisputed facts presented by Amtrak.

Lacy's own affidavit is the most egregious in this regard. It is simply a reiteration of her Complaint. (D.I. 22 at 21.) This is not enough to withstand the undisputed facts provided in Amtrak's motion for summary judgment. *See Talluto v. RCA*, 743 F. Supp. 346, 350 (M.D. Pa. 1989), *aff'd*, 909 F.2d 1477 (3d Cir. 1990) (summary judgment for employer where plaintiff's affidavit "only reiterates the broad generalities provided in the complaint"). Lacy was deposed for approximately five hours

on the factual basis for her allegations. Her entire deposition can be found in the Appendix filed with Amtrak's Opening Brief. (A1-279.) There are no factual disputes, and Amtrak has relied upon Lacy's testimony, as well as the testimony of others and supporting documents, in presenting its Motion. The undisputed facts -- as testified to by Lacy -- demonstrate that summary judgment in Amtrak's favor is appropriate.

### C. LACY CANNOT BASE HER FAILURE TO PROMOTE CLAIM ON EVENTS OCCURRING PRIOR TO MAY 8, 2004.

In a futile effort to expand her claims to include promotion denials that occurred prior to May 8, 2004,[4] Lacy claims, without support, that she "filed a charge of discrimination with the EEOC in the Philadelphia District Office on July 21, 2004," and that her timely claims therefore reach back to "September 25, 2003." (D.I. 22 at 4.) What the record evidence clearly shows, however, is that Lacy filed her charge of discrimination with the EEOC on March 4, 2005, and that she claimed the most recent date of discrimination was October 1, 2004. (C1.)[5] Lacy testified in her deposition that her charge of discrimination was filed on March 4, 2005:

> Q: I'll show you a document we've marked as Exhibit 1 and ask you if you recognize that document.

---

[4] As explained in Amtrak's Opening Brief in Support of Summary Judgment, Section IV.B, because Lacy filed her charge of discrimination with the EEOC on March 4, 2005, she is precluded from basing her discrimination claim on any events occurring more than 300 days before March 4, 2005 -- May 8, 2004.

[5] Pursuant to Local Rule 7.1.3(a), pertinent documents are included in Amtrak's Appendix to its Reply Brief and are referred to as "C ___." Amtrak's Appendix to its Opening Brief is referred to as "A ___." Because the Appendix to Amtrak's Reply Brief only consists of one page (the March 4, 2005 charging document), it has been attached directly to this Reply Brief in lieu of a separately bound and filed Appendix.

    A:      Yes, I do.

    Q:      Is that the charge of discrimination you filed with the EEOC?

    A:      Yes, it is.

    Q:      And that's your signature on the bottom?

    A:      Yes, it is.

    Q:      Dated March 4, 2005?

    A:      That's correct.[6]

(Pl. Dep. At A32-33) (footnote added). There is nothing in the record, only Lacy's unsupported statement, to suggest that her charge of discrimination was filed on "July 21, 2004." This claim is inconsistent with her testimony as well as the EEOC charge itself. There is no basis for the Court to entertain Lacy's contradictory assertion.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons and those set forth in its Opening Brief, Amtrak respectfully requests that summary judgment be granted in its favor as a matter of law.

Respectfully submitted,

_____-s- Virginia A. Zrake_____
Virginia A. Zrake (Del. Bar No. 4054)
LAW OFFICE OF VIRGINIA A. ZRAKE, LLC
1518 Savannah Road
P.O. Box 247
Lewes, Delaware 19958
Tel: (302) 644-6770

---

[6] When asked in deposition if she understood the concept of timeliness, Lacy provided an accurate description of the concept. (Pl. Dep. at A33-34.)

      -s- Darrell R. VanDeusen
      Darrell R. VanDeusen (admitted *Pro Hac Vice*)
      Clifton R. Gray (admitted *Pro Hac Vice*)
      KOLLMAN & SAUCIER, P.A.
      The Business Law Building
      1823 York Road
      Timonium, Maryland 21093
      Tel: (410) 727-4300

      *Counsel for Defendant*
      *National Railroad Passenger Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALVIA LACY, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:06-CV-00068-JJF |
| NATIONAL RAILROAD PASSENGER CORPORATION, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

**APPENDIX TO DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S ANSWERING BRIEF TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Virginia A. Zrake, Esq. (Del. Bar No. 4054)
LAW OFFICE OF VIRGINIA A. ZRAKE, LLC
1518 Savannah Road
P.O. Box 247
Lewes, Delaware 19958
Tel: (302) 644-6770

Darrell R. VanDeusen, Esq. (admitted *Pro Hac Vice*)
Clifton R. Gray, Esq. (admitted *Pro Hac Vice*)
KOLLMAN & SAUCIER, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland 21093
Tel: (410) 727-4300

*Counsel for Defendant*
*National Railroad Passenger Corporation*

DATED: January 8, 2006

## TABLE OF CONTENTS

**Appendix Pages**

CHARGE OF DISCRIMINATION DATED MARCH 4, 2005 .................. C1

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | 120-2004-04805 |

Delaware Depart of Labor/Equal Employment Opportunity Office _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Alvia L. Lacy | (410) 272-4819 | 11-27-1956 |

Street Address: 1306 Jervis Square Belcamp, MD 21017

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| AMTRAK | 500 or More | (302) 834-2743 |

Street Address: 258 East Scotland Drive, Bear, DE 19701

DISCRIMINATION BASED ON (Check appropriate box(es).)
[X] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-01-2004   Latest: 10-01-2004
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe that I have been subjected to discriminatory actions because of my race (black) and sex (female), plus I was also retaliated against because I previously filed several charges against the Respondent with the EEOC. The following are examples of patterns involving both discriminatory and retaliatory practices which were used against me:

1) I applied for approximately 30 positions and was not considered for any of them. My background and experience were more than enough to qualify me for every position.

2) I have been falsely issued letters of discipline regarding my attendance, yet I have done nothing to deserve this treatment. I provided a Doctor's note for my absences, yet I was informed by my Supervisor that there were no excused absences for me to use.

Attached are a series of incidents that took place at the Respondent's facilities since I started working there. I realize that some incidents are time bared, but I want to show a clear pattern of discriminatory behavior and treatment.

I believe that I have been both discriminated against and retaliated against in violation of the Civil Rights Act of 1964, as amended (Title VII).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Mar 04, 2005
Charging Party Signature: /s/ Alvia L. Lacy

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)